**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIETER J. BURR, DMD,**

**Plaintiff,** **CASE NO.:**

**v.**

**ASPEN DENTAL MANAGEMENT, INC. and**
**TEAM TAG SERVICES, LLC**

**Defendants.**
________________________________________/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Aspen Dental Management, Inc. and Team Tag Services, LLC ("Defendants"), by and through their undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully file this Notice of Removal giving notice of the removal of this civil action to the United States District Court for the Middle District of Florida, Orlando Division. In support of this Notice of Removal, Defendants state as follows:

## I. PROCEDURAL HISTORY

1. On or about October 19, 2026, Plaintiff Dieter J. Burr ("Plaintiff") filed a Complaint for Damages Under The Florida Private Whistleblower Act in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, entitled

*Dieter J. Burr, DMD v. Aspen Dental Management, Inc. and Team Tag Services, LLC,* Case No. 2026-CA-011086-O (the "State Court Action"), wherein Plaintiff alleges a single cause of action (Count I) for retaliation under the Florida Private Whistleblower Act, sections 448.101–448.105, Florida Statutes, and seeks lost wages, bonuses, benefits, equity remuneration, front pay, compensatory damages, and attorney's fees. Compl. ¶¶ 24–28.

2. On October 26, 2026, Defendants were served with the Summons and Complaint by process service. A copy of the Summons and Complaint reflecting service, as well as true and legible copies of all other papers on file in the State Court Action are attached hereto as **Exhibit A.**

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty (30) days from the date on which the summons was served. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999).

4. The United States District Court for the Middle District of Florida, Orlando Division is the district and division within which the action is pending. Thus, venue is proper in this Court pursuant to 28 U.S.C. §§ 89(b), 1441(a), and 1446(a).

5. This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive

of interest and costs.

## II. DIVERSITY OF CITIZENSHIP

6. To qualify for diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

7. In the Complaint, Plaintiff alleges he is a Florida resident, residing in Orange County, Florida, and a Florida-licensed dentist who performed substantial employment duties in Florida. *See* Compl. ¶¶ 1, 6. There is a presumption "that the state in which a person resides at any given time is also that person's domicile." *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013).

8. Based on the foregoing, Plaintiff is a citizen of the State of Florida for purposes of this Court's diversity jurisdiction under 28 U.S.C. § 1332, as his "domicile" or the "place of [his] true, fixed, and permanent home and principal establishment . . . to which [he] has the intention of returning whenever [he] is absent therefrom" is Florida. *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir.

2002) (finding plaintiff was a citizen of Florida for the purpose of diversity jurisdiction when the plaintiff owned property in Florida, was an owner of a business in Florida, and had a driver's license in Florida); *see also Mock v. UnitedHealthcare Ins. Co.*, No. 6:17–cv–46–Orl–37TBS, 2017 WL 7731956, at *1 (M.D. Fla. Feb. 1, 2017).

9. With respect to Defendants' citizenship, "a limited liability company is a citizen of any state in which a member of the company is a citizen." *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). When a limited liability company is a member of another limited liability company, the citizenship of that limited liability company must be ascertained. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("[I]t is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC.").

10. Additionally, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

11. Defendant Aspen Dental Management, Inc. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Illinois, where its high-level officers direct, control, and coordinate its activities. *See* Declaration of Jacob Allen ("Allen Decl."), ¶¶ 3–5, which is attached as **Exhibit B**.

12. Defendant Team Tag Services, LLC is a limited liability company organized under the laws of the State of Delaware, and its sole member is ADMI Corp. d/b/a TAG The Aspen Group ("ADMI"). Allen Decl. ¶¶ 7, 9. Team Tag's qualification to do business in Florida does not affect its citizenship, which is determined by the citizenship of its member. Allen Decl. ¶ 8.

13. ADMI is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 800 W. Fulton Market, Suite 1700, Chicago, Illinois, where its high-level officers direct, control, and coordinate its activities. Allen Decl. ¶¶ 10–12.

14. Thus, for diversity purposes, Aspen Dental Management, Inc. is a citizen of Delaware and Illinois, and Team Tag Services, LLC is a citizen of Delaware and Illinois. Allen Decl. ¶¶ 3–13. Neither Defendant is a citizen of Florida.

15. Accordingly, for purposes of 28 U.S.C. § 1332(a)(1), complete diversity of citizenship exists between Plaintiff, a citizen of Florida, and Defendants, neither of which is a citizen of Florida, both at the time Plaintiff filed the Complaint

and at the time of filing this Notice of Removal. Because no Defendant is a citizen of Florida, the forum-defendant rule of 28 U.S.C. § 1441(b)(2) does not bar removal.

## III. AMOUNT IN CONTROVERSY

16. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00."

17. Plaintiff's Complaint alleges that this is an action for damages exceeding $50,000, exclusive of interest, costs, and attorney's fees, and that he seeks "all damages proved and recoverable by law, not merely the jurisdictional amount." *See* Compl. ¶ 5. The Complaint does not demand a specific sum.

18. Plaintiff's Civil Cover Sheet filed in the state action specifies the amount of claim is "over $100,000." *See* **Exhibit A**.

19. Where the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). Construing 28 U.S.C. § 1446(a), which requires "a short and plain statement of the grounds for removal," the Supreme Court has held that a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not submit evidence in support thereof. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

20. In assessing the amount in controversy, the Court considers the value of the plaintiff's claims by estimating the amounts that "will be put at issue during

the litigation," and *not* how much plaintiff is ultimately likely to recover. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (explaining "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover") (emphasis in original) (citation omitted). In conducting its analysis, the Court may rely upon its "judicial experience and common sense," rather than a plaintiff's representations that the value of his claims is indeterminate. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62, 1064 (11th Cir. 2010).

21. A plain reading of Plaintiff's Complaint, together with the jurisdictional allegations herein, demonstrates the amount in controversy exceeds the sum of $75,000.00, and thus, meets the jurisdictional amount required for removal based on diversity. *See* 28 U.S.C. § 1332(a).

22. The Complaint seeks past and future lost wages, bonuses, and benefits, including front pay; the value of service-based equity remuneration; compensatory damages for emotional distress and reputational harm; prejudgment interest; and attorney's fees and costs under section 448.104, Florida Statutes. Compl. ¶¶ 21–23, 28(A)–(F). Attorney's fees recoverable by statute are included in the amount in controversy. *See Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir.

2000).

23. Plaintiff alleges that he resigned effective February 20, 2026. Compl. ¶ 20. At that time, Plaintiff's annual base compensation, exclusive of bonus opportunities and benefits, substantially exceeded $75,000. Allen Decl. ¶ 14. Plaintiff seeks past and future lost wages from that date through judgment. Compl. ¶ 28(A)–(B). Lost base compensation from February 20, 2026 through the date of removal alone therefore exceeds $75,000, before accounting for bonuses, benefits, front pay, equity remuneration, compensatory damages, and attorney's fees.

24. Plaintiff’s civil cover sheet, signed by Plaintiff’s counsel as accurate to the best of his knowledge and belief, constitutes additional evidence of the amount in controversy. Plaintiff’s counsel certified the amount in controversy exceeds $100,000. *See* **Exhibit A**.

25. This certification, bolstered by the relief demanded in the Complaint, constitutes sufficient evidence of the amount in controversy. *See* Compl. ¶¶ 21–23, 28; *Martinez-Lopez v. Bowden*, No. 3:23-CV-736-TJC-LLL, 2024 WL 1252381, at *3 (M.D. Fla. Mar. 25, 2024) (“[W]hen a plaintiff checks a box that the claim is worth more than $75,000, it must mean something, especially when a lawyer, an officer of the court, is completing the form, certifying that the provided information "is accurate to the best of [the lawyer's] knowledge and belief”).

26. Because the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states, the District Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a). Thus, this case may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## IV. NOTICE AND TIMELINESS

27. Finally, this Notice of Removal has been given to Plaintiff and has been filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit C.**

28. The required filing fee of $405.00 and an executed civil cover sheet accompany this Notice.

29. By filing this Notice of Removal, Defendants do not waive, and expressly reserve, all defenses, objections, and motions available under state or federal law, including, without limitation, the right to compel arbitration and to stay these proceedings pending arbitration, and any defense relating to the sufficiency of process or service, personal jurisdiction, venue, and the merits of Plaintiff's claims. Nothing in this Notice is an admission of any allegation in the Complaint or of Plaintiff's entitlement to any relief. Defendants' statements regarding the amount in controversy are made solely to establish federal jurisdiction and are not an admission

that Plaintiff is entitled to recover any amount.

WHEREFORE, Defendants respectfully remove this action, pending in the Ninth Judicial Circuit Court of Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

Dated: November 25, 2026 Respectfully submitted,

***/s/ Kimberly R. Rivera***

Natalie J. Storch
Florida Bar No. 0269920
njstorch@littler.com
Kimberly R. Rivera
Florida Bar No. 124822
krivera@littler.com

LITTLER MENDELSON, P.C.
111 North Orange Avenue
Suite 1750
Orlando, FL 32801.2366
Telephone: 407.393.2900
Facsimile: 407.393.2929

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of November, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and a correct copy of the foregoing has been furnished electronic mail to:

G. Ware Cornell, Jr.
ware@warecornell.com
CORNELL & ASSOCIATES, P.A.
2645 Executive Park Drive
Weston, Fla. 33331
(954) 618-1041

Attorneys for Plaintiff

***/s/ Kimberly R. Rivera***
Kimberly R. Rivera, Esq.